# United States Court of Appeals
## for the Fifth Circuit

———————

No. 23-10421
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Austin Wayne Massey,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:22-CR-88-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Austin Wayne Massey pleaded guilty to possession of a firearm after felony conviction, in violation of 18 U.S.C. § 922(g)(1). On appeal, he contends that § 922(g)(1) exceeds the power of Congress under the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10421

Commerce Clause and violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).

Because Massey did not raise either of these issues in the district court, review is for plain error. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). To demonstrate plain error, Massey must show a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court may correct the error but should do so only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted).

Massey's commerce clause argument is foreclosed by precedent, as we have "consistently upheld the constitutionality of § 922(g)(1)." *United States v. Alcantar*, 733 F.3d 143 (5th Cir. 2013); *see United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. Mar. 18, 2024) (No. 23-6769). Moreover, applying plain error review, we recently rejected an unpreserved *Bruen*-based challenge to the constitutionality of § 922(g)(1) under the Second Amendment. *See Jones*, 88 F.4th at 573-74. Accordingly, Massey fails to demonstrate reversible plain error.

AFFIRMED.